MAXWELL, J.,
dissenting:
¶ 16. While I share some of the majority’s concerns and may have handled the equitable distribution differently than the chancellor, I cannot find manifest error on the chancellor’s part necessary to justify reversal. Thus, based on our deferential standard of review, I dissent.
¶ 17. The chancellor applied the correct legal analysis in carrying out the equitable distribution. As required, he first identified the various assets that qualified as marital property. See Johnson v. Johnson, 650 So.2d 1281, 1287 (Miss.1994). These particular marital assets included $20,000 in insurance proceeds, $29,395 in personal property, and $17,000 in Ceicle’s retirement account. He also, as the majority points out, correctly identified the thirteen-year-old $95,000 home, in which Ceicle had lived with Roland for the entirety of their ten-year marriage, as marital property under the family-use doctrine. See Boutwell v. Boutwell, 829 So.2d 1216, 1221 (¶ 19) (Miss.2002). This amount, when added to the marital pot, increased the total value of the marital estate to $161,395.
¶ 18. The chancellor next applied the Ferguson factors to equitably divide the marital property, making on-the-record findings for each factor. See Johnson, 650 So.2d at 1287 (citing Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994)). And he supported his eventual decision to split the marital property 50/50 with substantial evidence.
¶ 19. Though Roland was initially awarded almost all of the equity in the home, the chancellor was obviously swayed by Ceicle’s arguments that she had made substantial contributions to the marital estate. So he granted Ceicle’s Rule 59 motion to alter or amend the judgment and entered a modified judgement. See M.R.C.P. 59. Ultimately, Ceicle received half of the marital estate, or $80,697.50, which when broken down equates to $10,000 cash from the insurance proceeds, $22,195 in personal property, the entire $17,000 retirement account, and $31,502.50 of the marital home’s equity. He ordered this amount to be paid in cash by Roland to Ceicle.[2]
¶ 20. Divvying the estate equally, the chancellor awarded Roland the same amount, $80,697.50 — $10,000 cash from the insurance proceeds, $7,200 in personal property, and the remaining $63,497.50 in equity in the marital home. Roland also received possession and title of the home, and Ceicle was granted a lien on the home to secure her interest.
¶ 21. The majority chooses to disturb this decision primarily because Ceicle’s contribution “to the home” did not, in its eyes, equal her awarded interest. But Mississippi law does not require a spouse to have made a direct economic contribution to an asset to be awarded an interest. “[Sjpouses are not prohibited from receiving a portion of marital assets acquired solely by the other spouse’s financial contributions where the non-cash contributing spouse has made alternative contributions to the marriage.” Owen v. Owen, 928 So.2d 156, 164 (¶ 16) (Miss.2006) (citing Hemsley v. Hemsley, 639 So.2d 909, 915 (Miss.1994)). So awarding Ceicle an interest in a marital asset to which Roland solely contributed, does not itself, amount *266 to legal error.[3] While the majority spends most of its focus on the accumulation of one marital asset — the marital home — the chancellor considered contribution to all the marital assets. And in addition to Ceicle’s paying the utilities and making other “domestic contributions,” the chancellor found she also worked outside the home and accumulated “a not insubstantial retirement account.”
¶22. I certainly understand why the majority of this court prefers that the chancellor had stayed with his original decision to grant Roland almost all of the equity in the marital home. But a consistent application of our standard of review shows the chancellor made no manifestly wrong or clearly erroneous findings. Nor does it reveal an improper application of the law that would prompt this court to reverse a decision committed to the chancellor’s discretion. See Byrd v. Byrd, 100 So.3d 443, 447 (¶ 5) (Miss.2012); Johnson, 650 So.2d at 1285.
¶ 23. Simply put, the home was a marital asset. As such, the chancellor had authority and discretion to award Ceicle an interest in it based on his Ferguson findings and overall equitable division of the marital assets. Because I find the chancellor did not abuse his broad discretion, I would affirm.
CARLTON AND FAIR, JJ., JOIN THIS OPINION.

. Because $31,502.50 of Ceicle’s half of the marital estate was awarded as a lump-sum payment, the chancellor found the original award of $5,000 in lump-sum alimony was no longer necessary.

. See Stewart v. Stewart, 864 So.2d 934, 938-39 (¶¶ 16-18) (Miss.2003) (holding that, because home purchased solely by husband was converted to marital property through family use, chancellor did not err in awarding wife portion of insurance proceeds paid when house burned down).